## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cr-00309-AKB |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| STEVEN ISAAC VASQUEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On April 14, 2026, Defendant appeared before the undersigned United States Magistrate Judge to enter a change of plea.   Defendant executed a written waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to Defendant the nature of the charges, the maximum penalties applicable, his constitutional rights, the effect of the Sentencing Guidelines, and that the District Judge would not be bound by any agreement of the parties as to the penalty to be imposed.

Having conducted the change of plea hearing and having inquired of Defendant and his counsel, and counsel for the United States, the Court concludes that there is a factual basis for Defendant's plea of guilty, and that it was entered voluntarily and with full knowledge of the consequences, and that the plea should be accepted.   The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

Further, having carefully considered the arguments of counsel and the evidence presented on the record, the Court finds that:

**REPORT AND RECOMMENDATION - 1**

☒ Defendant pled guilty to an offense described in 18 U.S.C. § 3142(f)(1)(A), (B), or (C), which triggers the mandatory detention provisions of 18 U.S.C. § 3143(a).   Under § 3142(a)(2), clear and convincing evidence does not exist that the Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; and/or under § 3145(c), it was not clearly shown that exceptional reasons exist why detention pending sentencing would not be appropriate.   Therefore, the Defendant shall remain detained in the custody of the U.S. Marshal pending sentencing.

**RECOMMENDATION**

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1.    The District Court accept Defendant's plea of guilty to Count 1 of the Indictment (Dkt. 2).

2.    The District Court order forfeiture consistent with Defendant's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 2).

3.    The District Court continue Defendant's detention pending sentencing.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: **April 14, 2026**



Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 2**